UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cr-12 |
| | ) | |
| DESTINY NA'IYMAH DAVIS, | ) | |
| | ) | |
| Defendant. | | |

**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS**

Destiny Na'iymah Davis, by counsel, pursuant to Section 6A1.2 of the Sentencing Guidelines and Policy Statements and the Court's Sentencing Procedures Order, respectfully states that she has no objections to the presentence report that affect the advisory guideline range.

Ms. Davis is before this Court for sentencing after entering a plea of guilty to Making a False Statement with Respect to Information Required to be Kept by a Federal Firearms Dealer in violation of 18 U.S.C. § 924(a)(1)(A) – Count 4 of the Indictment. Ms. Davis entered her guilty plea on May 12, 2022, pursuant to the terms of a written plea agreement, before Magistrate Judge Krask.  Sentencing is scheduled for September 20, 2022.

The statute of conviction carries a maximum penalty of five years in prison and a fine of $250,000. Ms. Davis's advisory guideline range is 10 to 16 months of imprisonment[1]. The guidelines are advisory, though, and Ms. Davis requests that this

---

[1] Ms. Davis's offense level is 12 and her criminal history category is 1.  *See* ECF No. 32 – PSR, ¶ 67, 68.

Court consider the parties' written plea agreement, entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), which includes a recommendation by the United States for a non-custodial sentence. *See* ECF No. 27 at 3.

A sentence of one year of probation would satisfy the mandate to impose a sentence that is "sufficient, but not greater than necessary" to accomplish the goals of sentencing. *See* 18 U.S.C. § 3553(a). Specifically, a sentence requested is appropriate because:

(1) Ms. Davis is young and this is her first, and only, contact with the judicial system;

(2) After an initial false statement to the federal agents, Ms. Davis waived her rights under *Miranda* and confessed prior to the appointment of counsel;

(3) Ms. Davis has been on bond since March 21, 2022, she has completely complied with the conditions of her release, and she remains a productive member of her community;

(4) Ms. Davis is the single mother of a one-year old boy. Although she has support from her mother and her son's father, she remains the primary provider for her son; and

(5) Ms. Davis has a history of employment and supports herself and her son legitimately.

**THE APPROPRIATE SENTENCE IN THIS CASE**

The overriding principle and basic mandate of 18 U.S.C. § 3553(a) is to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in § 3553(a)(2). The requirement that the sentence be sufficient, but not greater than necessary, is not just another factor to be considered along with the others set forth in the statute. Rather, it sets an independent limit on the sentence. In other words, Congress requires federal courts to impose the least amount of imprisonment

necessary to accomplish the purposes of sentencing.

In determining the appropriate sentence, the Court must consider (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available; (c) the guideline range; (d) the need to avoid unwarranted sentencing disparities, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with educational or vocational training and treatment; and, (e) the need for restitution, when applicable. 18 U.S.C. § 3553(a). The law must "tak[e] into account the real conduct and circumstances involved in sentencing," *Gall v. United States*, 552 U.S. 38, 54 (2007), as well as the defendant's personal history and characteristics, 18 U.S.C. § 3553(a)(1). The guidelines cannot account for these case-specific factors and cannot be presumed reasonable. *See Nelson v. United States,* 555 U.S. 350 (2009) (reiterating that although the court must give respectful consideration to the guidelines' recommendation in determining a sufficient sentence, it may not presume the appropriateness of a guideline term). Ultimately, the Court must "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall,* 552 U.S. at 52.

**A.    The nature and circumstances of the offense call for a non-custodial sentence.**

Destiny Davis has accomplished a lot in her 23 years.  She survived a difficult childhood. She was raised in a neighborhood where gun shots and gang activity were common.  Yet, she stayed out of trouble and graduated from high school.  She entered the workforce in high school and has continued to work consistently since that time.

She is a loving, attentive mother to her one and a half year old son. In addition to supporting herself and son, Destiny contributes to the household she shares with her mother.

In February of last year, Ms. Davis made a very poor decision. Against her better judgement, she agreed to purchase a handgun for her cousin who she knew was under the age of twenty-one and also regularly smoked marijuana. She was initially reluctant because she knew that she could get in trouble and that her cousin was involved with gangs. Ultimately, she agreed because she was scared for him and believed he needed the gun for protection.

For these and the reasons that follow, a one-year term of probation—along with the felony conviction itself—is sufficient to punish Ms. Davis, hold her accountable, protect the public, and afford both general and specific deterrence.

The government agrees that a non-custodial sentence is the appropriate sentence in this case. From the outset, the government's primary motivation has been securing a felony conviction to ensure that Ms. Davis cannot purchase firearms for herself or anyone else in the future.

Even if Ms. Davis weren't permanently barred from buying or possessing guns, though, she would not repeat the conduct that led to this prosecution. Her behavior before the offense and her conduct after supports this conclusion. Before, she had not so much as a speeding ticket on her record, and she has remained law-abiding for the 19 months since the offense. PSR ¶ ¶ 28, 29, 31, 32.

Admittedly, Ms. Davis was not completely honest with ATF agents when she

was interviewed. Her dishonestly was short-lived, though, and she fully confessed by the end of the interview. PSR ¶ 11. It is mitigating that Ms. Davis admitted what she did and has made efforts to make amends for her actions by assisting the government in its prosecution. She pled guilty and again admitted to her unlawful conduct when interviewed by the probation officer.

**B.     A sentence of probation is appropriate in light of Ms. Davis's personal history and characteristics.**

Ms. Davis's personal history and characteristics support the sentence requested. She was born and raised in Newport News, Virginia. Her parents were not married, and her father was incarcerated until she was 11 years old. Destiny's mother took her to visit her father while he was incarcerated. Her mother worked to support the family. The area where Destiny was raised was less than ideal as she frequently heard gunshots and observed gang activity on a regular basis. When she was ten years old, Destiny witnessed someone being robbed at gun point.

After Destiny's father's release from prison, he returned to live with the family. Destiny and her father experienced some "issues," so she moved in with a cousin for a brief period. Her father lived with the family until Destiny was 15 years old. Her father had become verbally and physically abusive to her mother after he began using drugs and abusing alcohol. On one occasion, while Destiny was trying to protect her mother from her father's abuse, he became verbally and physically abusive to her. After this incident, Destiny's mother kicked her father out of their home.

Destiny graduated from Menchville High School in Newport News, Virginia, in

June of 2017. Following graduation, Ms. Davis has consistently worked except when she was unable due to the COVID-19 pandemic. She also briefly stopped working during her pregnancy and after giving birth to her son. Until recently, Destiny was working two jobs. She currently works at Surge Adventure Park in Newport News and had been working at a Virginia ABC store, also in Newport News. *See* PSR ¶ 50. She lost the job with the ABC store last month but is scheduled to begin a new job in the very near future. In addition to her employment, Destiny has plans to start school this fall.

Destiny's son is now approximately one and a half years old. Because of what she witnessed growing up, Destiny is particularly protective of her son. Her son's father is currently incarcerated but had helped Destiny financially and was a good father before his incarceration. *See* PSR ¶ 40. Destiny understandably worries about being separated from her son should she receive a sentence of imprisonment.

**C.     The sentence recommended by the guidelines is excessive in this case.**

Ms. Davis respectfully asks the Court to impose no more than one year of probation. Both *United States v. Booker*, 543 U.S. 220 (2005), and 18 U.S.C. § 3553(a) require a court to take a more nuanced view of the offender and the offense. In this case, a sentence within the advisory guideline range is greater than necessary to comply with the directives of 18 U.S.C. § 3553. The sentence requested—one year of probation—would comply with the purposes of sentencing.

It's important to consider the impact of a felony conviction on a first-time offender like Ms. Davis. A felony conviction will likely impede her ability to obtain

employment in the future. It's an unfortunate reality that some employers, especially those considering a wide array of viable job candidates for a sought-after position, will hire someone else over Ms. Davis due to her conviction. The conviction is something she will have to disclose when applying for any type of employment. This, of course, is a lot for Ms. Davis to have hanging over her head. So, in addition to the other collateral consequences of a felony conviction (like an inability to vote), Ms. Davis could potentially lose much more. These consequences, both real and potential, are sufficient punishment for an individual who has otherwise lived a law-abiding, productive life.

As a hard-working and loving mother, Ms. Davis is an asset to the community, not a danger. Again, there's nothing in her background indicating this would occur, but if Ms. Davis would stray from the law-abiding, productive path she's on, this Court would be able to revoke her probation and impose any sentence it might originally have imposed. *See* 18 U.S.C. § 3565(a)(2). A term of probation is not an insignificant deprivation of liberty either, especially for someone like Ms. Davis who has never been under court-ordered supervision. *See Gall,* 552 U.S. at 48 (though custodial sentences are qualitatively more severe than probationary sentences of equivalent terms, probationers are nonetheless subject to conditions that substantially restrict their liberty).

Ms. Davis's background and her desire to further her education are strong evidence that she has learned from her mistakes and will continue to lead a productive, law-abiding life.

## CONCLUSION

A sentence of one year of supervision by this Court, in addition to the collateral consequences of a federal felony conviction, is sufficient but not greater than necessary to accomplish the purposes of sentencing in Ms. Davis's case.

Respectfully submitted,

DESTINY NA'IYMAH DAVIS,

By:_____/s/_____
Keith Loren Kimball
Virginia State Bar No. 31046
Attorney for Destiny Na'iymah Davis
Supervisory Assistant Federal Public Defender
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: (757) 457-0870
Telefax: (757) 457-0880
Email: keith_kimball@fd.org

**CERTIFICATE OF SERVICE**

I certify that on the 6th day of September, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to:

Peter G. Osyf
Assistant United States Attorney
United States Attorney's Office
721 Lakefront Commons, Suite 300
Newport News, Virginia 23606
Telephone: (757) 591-4000
Email: peter.osyf@usdoj.gov

I also certify that I sent the foregoing via electronic mail to the following non-ECF user:

Shannon Gerard
United States Probation Officer
600 Granby Street, Suite 200
Norfolk, Virginia 23606
Email: Shannon_Gerard@vaep.uscourts.gov

                                                  /s/
                                      Keith Loren Kimball
                                      Virginia State Bar No. 31046
                                      Attorney for Destiny Na'iymah Davis
                                      Supervisory Assistant Federal Public Defender
                                      Office of the Federal Public Defender
                                      150 Boush Street, Suite 403
                                      Norfolk, Virginia 23510
                                      Telephone: (757) 457-0870
                                      Telefax: (757) 457-0880
                                      Email: keith_kimball@fd.org