IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.             )<br>)<br>DESTINY NA'IYMAH DAVIS, )<br>)<br>Defendant.      ) | Criminal No. 4:22-cr-12 |

SENTENCING POSITION OF THE UNITED STATES

The United States by and through counsel, Assistant United States Attorney Peter G. Osyf, files this Position on Sentencing. Honoring its obligation pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and the Plea Agreement struck between the parties in this case, (ECF No. 27, ¶ 4), as well as the reasons set forth *infra* and to be articulated at sentencing, the United States respectfully recommends a downward variance from the applicable advisory guidelines range for the defendant's conduct. Specifically, the United States recommends an appropriate non-custodial sentence.

**Statutory Considerations**

The defendant pleaded guilty to Count Four of her indictment on May 12, 2022. Count Four charged the defendant with Making a False Statement with Respect to Information Required to be Kept by a Licensed Firearms Dealer, in violation of 18 U.S.C. § 924(a)(1)(A), which carries a maximum penalty of five (5) years imprisonment. The court may sentence the defendant to any term of years up to, but not more than, five (5) years' imprisonment.

1

**Impact of the Plea Agreement**

The parties entered into a plea agreement and the United States acknowledges the defendant's acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels pursuant to USSG § 3E1.1(a). Despite the defendant's timely notification of her intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the defendant's offense level does not qualify her for an additional point reduction upon motion by the United States under USSG § 3E1.1(b). Hence, no motion was made.

**Sentencing Guidelines Calculation**

The United States Probation Department prepared a pre-sentence report (PSR) which detailed the offense of conviction and the characteristics of the defendant. In calculating the offense level for the defendant, the probation office assigned a base offense level of 14 under U.S.S.G. § 2K2.1(a)(6). Applying the two-point reduction addressed above, the defendant's total adjusted offense level is 12.

The probation officer also calculated a criminal history level for the defendant. Because the defendant has no prior convictions, she received a total criminal history score of zero (0) which establishes a criminal history category of I pursuant to U.S.S.G. Chapter 5, Part A.

As a criminal history category I defendant with an offense level of 12, the defendant's sentencing guidelines range is 10 - 16 months.

**Statutory Sentencing Factors under 18 U.S.C. § 3553(a)**

As outlined *supra*, the appropriate sentencing range under the guidelines with regard to Count One is 10 - 16 months. However, the United States submits that a review of the Section 3553(a) factors fully supports a downward variance in this case and an appropriate term of probation or other non-custodial sentence is sufficient but not greater than necessary to satisfy the

goals of sentencing here.

There is no question that defendant's offense of conviction constitutes a serious offense. Willful deceit involving the unlawful purchase and transfer of firearms is inherently dangerous, particularly when such a firearm is given to a prohibited individual and later used in a life-threatening shooting. (PSR ¶¶ 9 - 12). The danger to the community due to the defendant's conduct was immense. Thankfully, the defendant's cousin, to whom she unlawfully transferred the firearm was the only one injured in the shooting and has since recovered.

The defendant is a smart and capable 23-year-old mother of a 1-year-old son and she is a lifelong resident of Newport News. (PSR ¶¶ 34, 36, & 40). Despite suffering some significant hardships through childhood, the defendant was raised by her mother with whom she maintains "a good relationship with" to this day. (PSR ¶¶ 34 - 42). She also appears to be doing well by all accounts save for her offense of conviction.

The defendant's Statement of Facts and PSR tell a very simple and understandable story of a young woman trying to help out a family member the wrong way. Unfortunately, she now finds herself before this Honorable Court because rather than tell her cousin "no" or help him find a different solution to his problems, she acquiesced to his unlawful bidding which nearly resulted in his death.

The defendant is smart and understands the seriousness of her offense – further punishment will not serve the ends of justice. Moreover, her history and characteristics do not warrant incarceration. She had a serious lapse of judgment in an effort to help a cousin. The <u>only</u> 3553(a) factors that arguably support a term of imprisonment here are the need for general deterrence and the avoidance of sentencing disparities. It is important that straw purchasers know there are significant consequences for their actions. However, the mitigating factors in this case are extreme enough and articulable to overcome any sentencing disparity created with other straw

3

purchasing defendants where a term of incarceration is warranted to adequately deter other potential straw purchasers. The defendant is specifically deterred and the need to protect society is satisfied by the defendant's status as a prohibited person as a convicted felon.

Hopefully the defendant will exercise better judgment when assisting family members with their problems, but at a minimum, she will no longer be able to purchase firearms for them as an ill-guided solution.

## Conclusion

For these reasons the United States respectfully requests an appropriate term of probation or other non-custodial sentence for the defendant. Such a sentence is sufficient but not greater than necessary to accomplish the goals of sentencing in this case.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____/s/_____
Peter G. Osyf
Assistant United States Attorney
Virginia State Bar No. 86597
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lake Front Commons
Newport News, Virginia 23606
(757) 591-4000 Office
(757) 591-0866 Fax
peter.osyf@usdoj.gov

<u>Certificate of Service</u>

  I certify that on September 6, 2022, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system who will send notification of such filing (NEF) to all counsel of record.

          By:   /s/_____
              Peter G. Osyf
              Assistant United States Attorney
              Virginia State Bar No. 86597
              Attorney for the United States
              United States Attorney's Office
              Fountain Plaza Three, Suite 300
              721 Lake Front Commons
              Newport News, Virginia 23606
              (757) 591-4000 Office
              (757) 591-0866 Fax
              peter.osyf@usdoj.gov